UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JUN 27 AM 11: 27

CLERK
BY ʟᴀᴡ
DEPUTY CLERK

ERICA BROWN, )
 )
    Plaintiff, )
 )
v. ) Case No. 2:25-cv-503
 )
UNITED STATES POSTAL SERVICE, )
 )
    Defendant. )

**ENTRY ORDER
GRANTING APPLICATION FOR LEAVE TO PROCEED *IN FORMA
PAUPERIS*, DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND**
(Docs. 1, 1-3)

Plaintiff Erica Brown, representing herself, seeks to bring an action against the United States Postal Service ("USPS"). Because her financial affidavit satisfies the requirements of 28 U.S.C. § 1915(a),[1] Plaintiff's application for leave to proceed *in forma pauperis* ("IFP") (Doc. 1) is GRANTED. The court proceeds to an initial review of the Complaint (Doc. 1-3) under 28 U.S.C. § 1915(e)(2)(B).

**I.    Allegations of Plaintiff's Proposed Complaint.**

In a handwritten Complaint, Plaintiff alleges, in full: "United States Post Office is tampering with my mail[.] Alternat[]ing letter from Washington DC and hold mail hostage." (Doc. 1-3 at 1.)

**II.   Conclusions of Law and Analysis.**

    **A.    28 U.S.C. § 1915(e)(2)(B) Review.**

Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted or [] seeks monetary relief against a defendant who is immune from such

---

[1] The court reads the affidavit generously to determine that Plaintiff meets the financial requirements as she fails to include the amounts of her monthly expenses but also reports she has no income or assets. *See* Doc. 1-1.

relief[.]" 28 U.S.C. § 1915(e)(2)(B). Further, a district court has the inherent power to dismiss a case *sua sponte* if it determines the court lacks jurisdiction over the matter, Fed. R. Civ. P. 12(h)(3), or the case presents no meritorious issue. *See Pillay v. Immigration & Naturalization Serv.*, 45 F.3d 14, 17 (2d Cir. 1995) (holding that the court has "inherent authority" to dismiss a petition that presents "no arguably meritorious issue").

Courts afford pleadings filed by self-represented parties "special solicitude." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nonetheless, a complaint filed by a self-represented litigant must still contain grounds for the court's subject matter jurisdiction as well as "sufficient factual matter . . . to state a claim" for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Id.* at 678; *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Self-represented litigants must also satisfy the plausibility standard set forth in *Iqbal*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80-81 (2d Cir. 2020).

Plaintiff's Complaint alleges that USPS is "tampering" with her mail and holding her mail "hostage," (Doc. 1-3 at 1), which purports to state a claim against a federal agency. The doctrine of sovereign immunity prevents the federal government from being sued "without its consent." *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009). For this reason, in any action in which the United States or one of its agencies is named

as a defendant, a waiver of the government's sovereign immunity is a prerequisite to subject matter jurisdiction. *See Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 374 (2d Cir. 1999).

Under the provisions of the Postal Reorganization Act, the USPS is "an independent establishment of the executive branch of the Government of the United States," 39 U.S.C. § 201, and thus "enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006). As a result, for the court to consider Plaintiff's claims against the USPS, Plaintiff must show "both a grant of subject matter jurisdiction and a valid waiver of sovereign immunity." *C.H. Sanders Co. v. BHAP Hous. Dev. Fund Co.*, 903 F.2d 114, 117 (2d Cir. 1990).

Because Plaintiff has not alleged a basis for waiver of the government's sovereign immunity, the court lacks subject matter jurisdiction, and the Complaint must be DISMISSED. Fed. R. Civ. P. 12(h)(3).

### B.     Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). Accordingly, Plaintiff may file an Amended Complaint. Plaintiff is advised that a proposed Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted).

An Amended Complaint must set forth a factual and legal basis for this court's subject matter jurisdiction and state a claim for which relief may be granted. It must include Plaintiff's factual allegations in their entirety and must set forth the claims she alleges against each defendant and all the relief she seeks. It must comply with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of

each claim as required by Rule 8, in consecutively numbered paragraphs as required by Rule 10, and with Plaintiff's original signature as required by Rule 11.

For further reference, Plaintiff may consult a sample Complaint as well as the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1 or contact the District of Vermont Clerk's Office for a self-represented party's informational pamphlet.

## CONCLUSION

For the reasons discussed above, Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is GRANTED. However, having conducted the review required under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint (Doc. 1-3) is DISMISSED. Plaintiff is GRANTED leave to file a proposed Amended Complaint no later than August 1, 2025. In doing so, Plaintiff should address the pleading deficiencies identified herein. Failure to do so shall result in dismissal of the case.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 27th day of June, 2025.

Christina Reiss, Chief Judge
United States District Court